-IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD BRIDGEMAN, # M-21709,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-218-MJR |
| | ) |
| **WEXFORD HEALTHCARE COMPANY,** | ) |
| **DR. O'BRIEN,** | ) |
| **and DR. GARCIA,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving sentences of 14 years and seven years on two firearm offenses. He claims that Defendants have been deliberately indifferent to his serious dental condition.

In his complaint, Plaintiff explains that on May 2, 2012, he underwent oral surgery at a facility outside the prison to remove a tumor (Doc. 1, p. 5). The surgeon (Dr. Jay Swanson, who is not a defendant) removed eight of Plaintiff's teeth and some bone along with the tumor. Dr. Swanson advised Plaintiff that after his mouth healed, he would have implants and a bone graft. The implants would secure the bone graft over the long term, and without the implants, a bone graft could shrink or fall out if pressure is applied. However, when the time came for Plaintiff to have this follow-up surgery, Defendant Wexford denied authorization for the implants.

Plaintiff attaches a copy of his September 11, 2013, grievance (Doc. 1, pp. 10-11),

in which he indicates that the bone graft surgery was approved, but the implants were not allowed. Plaintiff noted that 16 months had passed since his original surgery, he was still without teeth, he had no bone in his mouth, he was in pain, his chin was still swelling up, eating was painful, and his gums still had not healed (Doc. 1, p. 11). A grievance response dated March 31, 2014, states that Plaintiff "had a follow-up on 3/28/14 for his oral surgery (bone grafting) done by Dr. Swanson in February 2014. Dental also stated that they have a partial for him when his mouth is healed from the surgery." (Doc. 1, p. 9).

In addition to bringing suit against Wexford Healthcare Company ("Wexford"), the contractor that provides health care to inmates, Plaintiff claims that Defendant Dr. O'Brien (a Wexford employee) was one of the doctors who denied the requested treatment. Defendant Dr. Garcia is described as the "head physician" who made the final decision regarding Plaintiff's dental treatment (Doc. 1, p. 2). It appears that neither of these individual Defendants was located at Lawrence.

As relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief requiring Defendants to give Plaintiff the dental implants (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Eighth Amendment claim for deliberate indifference to Plaintiff's serious dental condition, against Defendants O'Brien and Garcia, for delaying approval of Plaintiff's bone graft surgery;

**Count 2:** Eighth Amendment claim for deliberate indifference to Plaintiff's serious dental condition, against Defendants O'Brien and Garcia, for denying permission for Plaintiff to obtain implants;

**Count 3:** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition, against Defendant Wexford Healthcare Company, for delaying approval of Plaintiff's bone graft surgery and/or withholding approval of his dental implants.

As shall be discussed below, Counts 1 and 2 shall proceed for further review against the individual Defendant physicians.  Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Eighth Amendment Claims for Deliberate Indifference to Serious Medical Conditions**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The Eighth Amendment does not give prisoners entitlement to "demand specific

care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). For example, allegations that an inmate who was denied dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, state a serious medical need. *Id. See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (delay in referring inmate for follow-up treatment for complications from tooth extraction could constitute deliberate indifference); *Berry v. Peterman,* 604 F.3d 435, 440 (7th Cir. 2010).

With these standards in mind, the Court turns to Plaintiff's allegations of deliberate indifference.

**Count 1 – Delay in Approval of Bone Graft Surgery**

Plaintiff's complaint sufficiently alleges that he had an objectively serious medical need for extraction of the tumor, and for follow-up surgery to replace the bone that was removed along with it. He also lost eight teeth due to the surgery, and some measures were needed to replace those teeth. Plaintiff describes a lengthy period following the tumor surgery (from May 2012 to February 2014), during which he endured pain and discomfort while he was waiting for the reconstructive bone graft surgery.

It is not clear from the pleading whether there were medical reasons that caused Plaintiff to have to wait approximately one year and nine months before his bone graft surgery was performed. His September 2013 grievance suggests that at least some of the delay may have been caused by the officials who were responsible for approving such surgical procedures, namely, Defendants O'Brien and Garcia. As noted above, a delay in addressing a prisoner's

serious dental need may violate the Eighth Amendment.  Further factual development is necessary in order to determine whether such a violation occurred with regard to approving and scheduling Plaintiff for the bone graft surgery.  Therefore, **Count 1** shall be referred for further review.

## Count 2 – Denial of Dental Implants

In Plaintiff's opinion, and according to the recommendation allegedly made by his surgeon, the implants would function to hold his bone graft in place and reduce the likelihood of failure of the graft.  However, it is not clear from the pleading whether the implants are medically necessary in order to properly treat Plaintiff's condition, or whether they are merely a preferred option, as opposed to a less-desirable approach to restoring his dental health.  Plaintiff does not describe the nature of the "implants."  However, due to the fact that his grievance response informed him that a "partial" would be provided to him after his mouth healed from the bone graft, the Court surmises that a "partial" refers to a removable denture device, while the "implants" would be surgically implanted false teeth.

As noted earlier, a prisoner may not demand a specific treatment, or expect the best available care.  The Constitution requires only that officials take "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  A prisoner's mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate

indifference.  *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin*, 236 F.3d at 898.

Under these standards, if the treatment Plaintiff received was adequate to mitigate the risk of harm to him from his medical condition, no constitutional violation occurred.  However, given the uncertainty regarding the necessity of the dental implants, and construing the complaint liberally in Plaintiff's favor, the Court concludes that it would be premature to dismiss **Count 2** at this juncture.  Accordingly, Plaintiff may also proceed with his claim that Defendants O'Brien and Garcia were deliberately indifferent to his serious medical needs when they denied permission for him to have the implants.

**Dismissal of Count 3 – Medical Corporation Liability**

Defendant Wexford Healthcare Company is a corporation that employs Defendants O'Brien and Garcia, and provides medical care at the prison.  However, it cannot be held liable solely on that basis.  A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford.  For this reason, Count 3 shall be dismissed.

However, the dismissal shall be without prejudice.  If Plaintiff believes he can establish that the individual Defendants (O'Brien and Garcia) violated his constitutional rights, and that they did so pursuant to an official Wexford policy, he may submit an amended complaint to include such factual allegations.  Any such amended complaint must also include

the allegations supporting Counts 1 and 2, as well as the allegations in support of reinstating Count 3. The Court will not accept piecemeal amendments to the original complaint. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, an amended complaint must stand on its own, without reference to any previous pleading, and any exhibits must be re-filed along with the amended complaint.

**Pending Motion**

The motion for service of process at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **WEXFORD HEALTHCARE COMPANY** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **O'BRIEN** and **GARCIA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 7, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court